UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | | |
|---|---|---|
| KIMBERLY A. PONDER, | ) | |
| | ) | |
| Plaintiff, | ) | No. |
| | ) | |
| vs. | ) | |
| | ) | |
| COUNTY OF WINNEBAGO and the | ) | |
| WINNEBAGO COUNTY BOARD, | ) | |
| | ) | |
| Defendants | ) | COMPLAINT |

**COUNT I**
**AGE DISCRIMINATION**

NOW COMES the plaintiff, Kimberly A. Ponder, by her attorneys, Alberto F. Altamore and John M. Nelson and complains of the defendant, County of Winnebago, stating as grounds therefore, as follows:

1. This court has jurisdiction of this case pursuant to the Age Discrimination in Employment Act of 1967 (ADEA), 29 U.S. C.§621 *et seq.*, Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e, *et seq.*, and 28 U.S.C. §1331.

2. This action properly lies in this district pursuant to 28 U.S.C. §1391 because the claim arose in this judicial district.

3. Plaintiff was born on October 4, 1962 and is now 57 years of age. Plaintiff is an American female and a resident of Winnebago, Illinois.

4. Defendant County of Winnebago is an Illinois governmental subdivision of the State of Illinois with its principal place of business in Rockford, Winnebago County, Illinois. Defendant is engaged in county government and, at all times pertinent hereto, was an employer within the meaning of 29 U.S.C. §630(b) and 42 U.S.C.§2000e(b).

5. The Winnebago County Board is the administrative/legislative body of governance of the County of Winnebago. It is composed of twenty elected members by separate districts. The Winnebago County Board Chairman elected at large in the County of Winnebago presides over the Winnebago County Board.

6. Plaintiff has complied with all administrative prerequisites by filing a timely Charge of Discrimination based on sex, age and retaliation with the Equal Employment Opportunity Commission on October 18, 2019, more than 60 days before this lawsuit was filed. A copy of the Charge is attached as Exhibit A.

7. On October 30, 2019, Plaintiff received her Notice of Right to Sue from the EEOC, attached hereto as Exhibit B.

8. Plaintiff was hired on September 10, 2001 by Defendant. The last position held by Plaintiff was Human Resources Director.

9. At all times pertinent hereto, Plaintiff performed her job in a satisfactory manner.

10. On September 26, 2019 Plaintiff was terminated by a final vote of the Winnebago County Board. There was no legitimate business reason for Plaintiff's termination.

11. Plaintiff's job duties were assumed by an employee, age 57 with no qualifications for the post. She is temporarily assigned and plaintiff believes the defendant wants to fill the post with a younger male employee.

12. By terminating Plaintiff, Defendants and its agents have willfully and intentionally discriminated against Plaintiff on the basis of her age.

13. Further, by terminating Plaintiff's employment, Defendant knew that and/or showed reckless disregard for the matter of whether its conduct violated the ADEA.

14. As a result of the unlawful and willful acts complained of herein, Plaintiff has suffered loss of employment, wages, benefits, and other compensation including but not limited to the ability to obtain tuition reimbursement.

WHEREFORE, Plaintiff, KIMBERLY A. PONDER, respectfully requests that this Court enter an order granting Plaintiff the following:

A. Reinstatement to her position as Human Resources Director, with all back pay and employee and pension benefits;

B. If no comparable position is available, then an award for front pay and all prospective lost benefits; and

C. College tuition reimbursement of $26,000.00; and

D. An award for liquidated damages, attorneys' fees and costs , and any other relief this Court deems appropriate.

## COUNT II
## SEX DISCRIMINATION

NOW COMES the plaintiff, KIMBERLY A. PONDER by her attorneys, JOHN M. NELSON and ALBERTO F. ALTAMORE, and complains of the defendant, COUNTY OF WINNEBAGO, as follows:

1. – 14. Plaintiff repeats and realleges Paragraphs 1 – 14 above as though fully set forth herein.

15. During Plaintiff's employment with Defendant she was treated differently than male management employees in that she did not ever receive the same salary as male management employees despite her satisfactory job performance. This claim is based on the Leadbetter law that provides for a continued extension of the Statute of Limitation.

3

16. Plaintiff's job duties and responsibilities have not been assumed. Plaintiff believes this is a deliberate action by Defendant(s) to provide a false defense to her claim. On information and belief, Plaintiff believes that Defendants intend to hire a male management individual who will receive monies substantially in excess of Plaintiff's salary.

17. By the conduct described above, Defendant and its agents intentionally discriminated against Plaintiff in the terms, conditions, and discharge of her employment because her sex in violation of Title VII of the Civil Rights Act of 1964.

18. As a result of Defendant's acts, Plaintiff has suffered loss of employment, wages, benefits and other compensation.

WHEREFORE, Plaintiff, KIMBERLY A. PONDER, respectfully requests an order granting the following:

1. Reinstatement to her former position or a comparable position with Defendant at the same wage and benefit levels she enjoyed just before her termination:

B. All back pay, dating back to her original hire, lost benefits, and any other make-whole remedy to which Plaintiff is deemed entitled;

C. Compensatory and punitive damages; and

D. College tuition reimbursement of $26,000.00; and

E. Attorneys' fees and costs and any other relief this Court deems appropriate.

### COUNT III
### FAILURE TO PROVIDE DEFENDANT WITH A
### DUE PROCESS HEARING

NOW COMES the plaintiff, KIMBERLY A. PONDER by her attorneys, JOHN M. NELSON and ALBERTO F. ALTAMORE, and Complains of the County of Winnebago, as grounds therefore as follows:

4

1. – 14. Plaintiff repeats and realleges Paragraph 1 – 14 above as though fully set forth herein.

15. The relevant portion of the 14th Amendment to the United States of America states in relevant part as follows:

## AMENDMENT XIV

"§1 Citizenship rights not to be abridged

Section 1. All persons born or naturalized in the United States and subject to the jurisdiction thereof, are citizens of the United States and of the State in which they reside. No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws."

16. The right of public employees to have a due process pre-termination hearing and evidentiary post termination hearing with adequate notice and opportunity to be heard has been established since at least 1972 in the case of *Board of Reagents v. Roth,* 408 U.S. 564, 576-578, 92 S.Ct. 2701, 2708-2709, 33 L.Ed 2d 548 (1972) This right exists for all public employees who are not at will employees.

17. Plaintiff was not an at-will employee. Her employment was governed in part by Winnebago County Code of Ordinances §2 -168. The ordinance required at the time of Plaintiff's employment that Plaintiff, as Human Resources Director, would have to be removed for cause upon the recommendation of both the Winnebago County Board County Administrator and the Winnebago County Board Chairman.

18. The move to terminate Plaintiff did not have the support of the Winnebago County Board Chairman. The Winnebago County Board unilaterally changed the terms of the Plaintiff's employment by amending the ordinance and terminating the employment of the Plaintiff on the recommendation of the Winnebago County Board County Administrator alone.

19. Plaintiff's termination was without any pre or post termination hearings, notice of such a hearing, or any opportunity to be heard.

20. As a result the Defendant deprived the Plaintiff of her property interest in her continued employment with the required due process of law guaranteed by the Fourteenth Amendment to the Constitution of the United States of America.

21. Plaintiff is therefore entitled to immediate reinstatement to her position as Winnebago County Director of Human Resources.

WHEREFORE, Plaintiff, KIMBERLY A. PONDER, respectfully requests an order granting the following:

1. Reinstatement to her former position or a comparable position with Defendant at the same wage and benefit levels she enjoyed just before her termination:

B. All back pay, dating back to her original hire, lost benefits, and any other make-whole remedy to which Plaintiff is deemed entitled;

C. Compensatory and punitive damages; and

D. College tuition reimbursement of $26,000.00; and

E. Attorneys' fees and costs and any other relief this Court deems appropriate.

F. Injunctive relief reinstating the Plaintiff to her employment with full pay of all wages and benefits due from September 26, 2019 to her reinstatement date.

G. Injunctive relief ordering the County of Winnebago and the Winnebago County Board to comply with existing law and hold pre-termination and post-termination hearings for all affected Winnebago County employees with compliance reports due to this court, directly or to a court appointed master three months or such sooner frequency if the court deems it necessary.

**COUNT IV**
**RETALIATORY DISCHARGE**

NOW COMES the plaintiff, KIMBERLY A. PONDER by her attorneys, JOHN M. NELSON and ALBERTO F. ALTAMORE, and complains of the defendant, COUNTY OF WINNEBAGO, as follows:

1. – 14. Plaintiff repeats and realleges paragraphs 1 – 14 of Count I as though fully set forth herein as paragraphs 1 – 13 of Count IV.

15. Plaintiff has served in the Winnebago County Human Resources Department for a period of time in excess of eighteen years.

16. Plaintiff has done her job and work as it was supposed to be performed.

17. In spite of policies banning nepotism, the County of Winnebago has hired many employees related to present and past county board members.

18. On more than one occasion those employees connected with county board members have been the subject to employee discipline including termination.

19. The Plaintiff was warned on more than on occasion by supervisory personnel that she should modify her position with regard to these employees or her job would be in jeopardy. Nonetheless, the plaintiff did her job.

20. The Plaintiff is aware that she made enemies of county board members, past and present by doing her job.

21. These county board members were and are mostly male and were prejudiced against her in part because of her sex, i.e. female.

22. No reasonable cause of justification existed to dismiss the plaintiff from her employment.

23. By wrongfully discharging Plaintiff without reasonable cause or justification and for the retaliatory reasons set forth above, Defendant violated the public policy of Illinois.

WHEREFORE, Plaintiff, KIMBERLY A. PONDER, respectfully requests an order granting the following:

1. Reinstatement to her former position or a comparable position with Defendant at the same wage and benefit levels she enjoyed just before her termination, or post pay if appropriate;

B. All back pay, dating back to her original hire, lost benefits, and any other make-whole remedy to which Plaintiff is deemed entitled;

C. Compensatory and punitive damages; and

D. College tuition reimbursement of $26,000.00; and

E. Attorneys' fees and costs and any other relief this Court deems appropriate.

### COUNT V
### RETALIATORY DISCHARGE (2)

NOW COMES the plaintiff, KIMBERLY A. PONDER by her attorneys, JOHN M. NELSON and ALBERTO F. ALTAMORE, and complains of the defendant, COUNTY OF WINNEBAGO, as follows:

1. – 14. Plaintiff repeats and realleges paragraphs 1 – 14 of Count I as though fully set forth herein as paragraphs 1 – 14 of Count V.

15. The plaintiff was interviewed with regard to a sexual harassment complaint made by the Winnebago County Administrator, Carla Paschal, against the Winnebago County Board Chairman, Frank Haney.

16. The interview was conducted by outside counsel for the defendant.

17. The plaintiff answered the questions posed by counsel honestly as she has always conducted herself during her 18 years of employment.

18. In the politically charged atmosphere of Winnebago County, honesty is not only the best policy, but a shield against complaints of political decision-making and other improper outside influence in the examination of the actions of the Human Resources Department.

19. The plaintiff told the investigations attorney that she did not believe that the Winnebago County Administrator was being sexually harassed by the Winnebago County Board Chairman. She did state that the Winnebago County Board was creating a hostile work environment in its actions.

20. The Winnebago County Board Chairman and the Winnebago County Administrator were locked in a power struggle that culminated in the Winnebago County Board stripping the Winnebago County Board Chairman of his powers and the Winnebago County Administrator becoming the de-facto chief executive of Winnebago County.

21. Plaintiff believes that the Winnebago County Administrator believed the plaintiff would substantiate her charges against the Chairman and when she reported the truth the Winnebago County Administrator, Carla Paschal, in typical fashion, moved to have her terminated.

22. No reasonable cause of justification existed to dismiss the plaintiff from her employment.

23. By wrongfully discharging Plaintiff without reasonable cause or justification and for the retaliatory reasons set forth above, Defendant violated the public policy of Illinois.

WHEREFORE, Plaintiff, KIMBERLY A. PONDER, respectfully requests an order granting the following:

1. Reinstatement to her former position or a comparable position with Defendant at the same wage and benefit levels she enjoyed just before her termination, or post pay should circumstances require it;

B. All back pay, dating back to her original hire, lost benefits, and any other make-whole remedy to which Plaintiff is deemed entitled;

C. Compensatory and punitive damages; and

D. College tuition reimbursement of $26,000.00; and

E. Attorneys' fees and costs and any other relief this Court deems appropriate.

                KIMBERLY A. PONDER, defendant

                By: /s/ JOHN M. NELSON

                One of plaintiff's attorneys

JOHN M. NELSON #2031671
Attorney at Law
1 Court Place, Suite 300
Rockford, IL 61101
815-964-8800
Fax: 815-965-4413
johnmnelson@gmail.com

ALBERTO A. ALTAMORE
Attorney at Law
401 E. state Street, Suite 300
Rockford, IL 61104
815.316.0006

PLAINTIFF DEMANDS TRIAL BY JURY

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION<br>This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | Charge Presented To:<br>☐ FEPA<br>☒ EEOC | Agency(ies) Charge No(s):<br>440-2019-06152 |
|---|---|---|
| Illinois Department Of Human Rights | | and EEOC |
| State or local Agency, if any | | |

| Name (indicate Mr., Ms., Mrs.)<br>Mrs. Kimberly A Ponder | Home Phone<br>(815) 494-7873 | Year of Birth<br>1962 |
|---|---|---|
| Street Address<br>4277 Westridge Drive, | City, State and ZIP Code<br>WINNEBAGO, IL 61088 | |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two, list under PARTICULARS below.)

| Name<br>WINNEBAGO COUNTY | No. Employees, Members<br>501+ | Phone No.<br>(815) 319-4232 |
|---|---|---|
| Street Address<br>404 Elm St. Room 533, | City, State and ZIP Code<br>ROCKFORD, IL 61101 | |

| Name | No. Employees, Members | Phone No. |
|---|---|---|
| Street Address | City, State and ZIP Code | |

| DISCRIMINATION BASED ON (Check appropriate box(es).)<br>☐ RACE ☐ COLOR ☒ SEX ☐ RELIGION ☐ NATIONAL ORIGIN<br>☒ RETALIATION ☒ AGE ☐ DISABILITY ☐ GENETIC INFORMATION<br>☐ OTHER (Specify) | DATE(S) DISCRIMINATION TOOK PLACE<br>Earliest: 02-01-2019 Latest: 08-05-2019<br>☐ CONTINUING ACTION |
|---|---|

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

I began employment with Respondent in or about 2001. My most recent position was Director of HR. During my employment, I was subjected to harassment and different terms and conditions of employment, including, but not limited to, not having my continuing education paid for. I complained to Respondent. Subsequently, I was further subjected to a hostile work environment and discharged.

I believe I have been discriminated against because of my sex, female, and in retaliation, in violation of Title VII of the Civil Rights Act of 1964, as amended.

I also believe I have been discriminated against because of my age, 57 (YOB: 1962), and in retaliation, in violation of the Age Discrimination in Employment Act of 1967, as amended.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – When necessary for State and Local Agency Requirements |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT |
| Digitally signed by Kimberly Ponder on 10-18-2019 04:47 PM EDT | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (month, day, year) |

EXHIBIT "A"

EEOC Form 161 (11/16)

# U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## DISMISSAL AND NOTICE OF RIGHTS

| To: | Kimberly A. Ponder<br>4277 Westridge Drive<br>Winnebago, IL 61088 | From: | Chicago District Office<br>230 S. Dearborn<br>Suite 1866<br>Chicago, IL 60604 |
|---|---|---|---|

[ ] *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 440-2019-06152 | Alison Fisher, Investigator | (312) 872-9654 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ] Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[X] The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ] Other *(briefly state)*

## - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

_____  10/30/19
Julianne Bowman,                 (Date Mailed)
District Director

Enclosures(s)

cc:
**WINNEBAGO COUNTY**
**c/o Chief Executive Officer**
**404 Elm St. Room 533**
**Rockford, IL 61101**

EXHIBIT "B"